■ In the Matter of NATIONAL WIRE PRODUCTS CORPORATION, Respondent, v. J. BURCH McMORRAN, as Superintendent of the Department of Public Works of the State of New York, Appellant.— HERLIHY, J. This is an appeal by the Superintendent of the State of New York Department of Public Works from a judgment enjoining the said Superintendent from excluding petitioner's product for use on public work projects in the State of New York. In this article 78 proceeding, Special Term held that the determination of the Superintendent of Public Works was arbitrary in finding " that steel mesh that is fabricated from foreign steel rods after they are 'drawn' in this country is not a material or article of domestic origin within the Public Works Specification ", which specification provides that preference will be given to " ' articles or materials manufactured or produced within the United States' " and, unless otherwise indicated, " ' it will be understood that only domestic articles or materials will be used on the job '." The determination was made following a visit by a representative of the Public Works Department to the petitioner's place of business at Baltimore, Maryland, and where it was ascertained that the wire mesh had been manufactured from steel rods imported from foreign countries. The processing of the rods to the finished product necessitates an extensive and complex procedure involving the employment of at least some highly skilled personnel and several huge, specialized and valuable machines,

and the operation increases the hardness and tensile strength of the steel. The petitioner describes, without contradiction, that the wire component of the mesh is produced by drawing the wire, from hot-rolled steel rods, through multidie drawing blocks. After being drawn to requisite gauge, the wire is fed into a mesh fabricating machine which welds the wire together at specified points to form the reinforcing mesh. The petitioner's product has been widely used throughout the United States and for public work projects in New York since 1955, meeting all required standards and tests, and admittedly has been held by three States and by the United States Bureau of Public Roads to be of domestic manufacture. There is no rational basis in fact supported by substantial evidence to sustain the determination. This conclusion renders unnecessary consideration of the constitutional questions and other contingents advanced by the petitioner. Judgment affirmed, with costs. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur. [42 Misc 2d 169.]